UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TIMOTHY W. HANRAHAN, JR.,

                              Plaintiff,

      vs.

                                              9:07-CV-610

DR. MENNON,[1] Herkimer County Mental          (FJS/GJD)
Health; EDGAR SCUDDER, Director of
Community Services, Herkimer County Mental
Health; and HERKIMER COUNTY
CORRECTIONAL FACILITY,

                              Defendants.
_____

TIMOTHY HANRAHAN, JR., Plaintiff *Pro Se*
KEVIN E. HULSLANDER, ESQ., For Dr. Menon
THOMAS K. MURPHY, ESQ., For Defts. Scudder &
  Herkimer County Correctional Facility

GUSTAVE J. DI BIANCO, United States Magistrate Judge

## REPORT-RECOMMENDATION

This matter has been referred to me for Report and Recommendation by the Honorable Frederick J. Scullin, Jr., Senior, United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c).

In this very sparse civil rights complaint, plaintiff generally alleges that while

---

[1] The proper spelling of this defendant's name is "Menon," and the court will use the proper spelling in this report.

he was an inmate in the Herkimer County Correctional Facility[2] (HCCF) between April 13 and August 1, 2007[3], he was denied "adequate medical care." Compl. ¶ 5 (Facts)(Dkt. No. 1).  Presently before this court is motion for summary judgment brought on behalf of Edgar Scudder and HCCF pursuant to FED. R. CIV. P. 56 (Dkt. No. 35).  Plaintiff has opposed the motion. (Dkt. No. 39).  For the following reasons, this court will recommend that the motion by defendants Scudder and HCCF be *denied without prejudice*.

## DISCUSSION

**2.**     **Facts and Procedural History**

Plaintiff's complaint in this case concerns only allegations surrounding his incarceration at HCCF beginning on April 12, 2007. (Compl. Facts ¶¶ 1, 5).  Prior to December of 2006, plaintiff was an inmate in New York State custody and during mid-December 2006, plaintiff was released to New York State Parole supervision. (Compl. Facts ¶ 4).  Plaintiff was arrested for a parole violation and placed in the HCCF on April 12, 2007. (Compl. Facts ¶ 4 & Ex. C).  Plaintiff alleges that "within days" after entering the HCCF, he requested an examination by personnel from the Herkimer County Mental Health Department. (Compl. ¶ 1).

---

[2] Plaintiff is currently an inmate in the custody of the New York State Department of Correctional Services.

[3] Plaintiff was in HCCF between April 13 and July 20, 2007, and then was sent to Oneida Correctional Facility until August 1, 2007.  On that date, he was returned to HCCF and released. (Defs. Local Rule 7.1(a)(3) Statement)(Dkt. No. 35).

As background, plaintiff states that he had been suffering from depression, anxiety, and panic attacks since the early 90's, and that he had been hospitalized a few times, but was never treated until April of 2005. (Compl. Facts ¶ 1). Plaintiff states that he was originally denied medication when he entered the New York State Department of Corrections in June of 2005. (Compl. ¶¶ 3, 6). He states that he discovered that he was denied the medication because he would not be able to participate in "early release programs" if he were taking this medication. Compl. ¶ 3. After plaintiff was released on parole, he began working, but he states that his mental problems caused him to be arrested in 2007. (Compl. ¶ 4). Plaintiff claims that after his incarceration in HCCF, he was denied adequate medical care under the "Patients Bill of Rights", and his mental health problems were ignored. (Compl. ¶ 5). Plaintiff mentions ***none of the named defendants*** in the body of his complaint, but attaches a variety of exhibits to his complaint.

On March 11, 2008, Dr. Menon filed a motion for summary judgment, arguing ***only*** that she was not personally involved in plaintiff's care. (Dkt. No. 20). In reviewing Dr. Menon's motion, because of the liberality with which *pro se* complaints are treated, the court reviewed the exhibits attached to plaintiff's complaint to determine plaintiff's claims.[4] On September 9, 2008, defendants Scudder and HCCF

---

[4] *See Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)(court will interpret *pro se* papers to raise the strongest arguments they suggest).

3

filed their motion for summary judgment. (Dkt. No. 35). On March 5, 2009, this court recommended denying Dr. Menon's motion *without prejudice* because the evidence submitted showed that there could have been a question as to whether Dr. Menon was actually involved in making decisions regarding plaintiff's care. Defendant Menon objected to this court's recommendation, and plaintiff "opposed" that objection. (Dkt. Nos. 44, 47). There has been no final decision on this court's recommendation.

On May 5, 2009, plaintiff filed a motion to amend his complaint pursuant to FED. R. CIV. P. 15. (Dkt. No. 48). In his proposed amended complaint, plaintiff adds various facts as well as various defendants. *Id.* The motion has been opposed by Dr. Menon, but not by defendants Scudder and HCCF. (Dkt. No. 49). Plaintiff filed a reply. (Dkt. No. 50). The motion to amend is pending before Senior Judge Frederick J. Scullin, Jr.

If Senior Judge Scullin grants the motion to amend, the original pleading will no longer be the operative pleading in this action. *See Arce v. Walker*, 139 F.3d 329, 332 n.4 (2d Cir. 1998); *Gilmore v. Shearson/American Express, Inc.*, 811 F.2d 108, 112 (2d Cir. 1987)(citing *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977), *cert. denied*, 434 U.S. 1014 (1978)(an amended complaint ordinarily supercedes the original and renders it of no legal effect).

Thus, if the motion to amend is granted, the summary judgment motion filed by defendants Scudder and HCCF will be moot, and the defendants may wish to file a

different or expanded motion based on the facts stated in the amended complaint.  If Senior Judge Scullin denies the motion to amend, defendants Scudder and HCCF may simply renew their motion for summary judgment by re-noticing the motion.  They will not be required to file the papers again.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that the motion for summary judgment filed on behalf of defendants Scudder and HCCF (Dkt. No. 35) be **DENIED WITHOUT PREJUDICE**.

Pursuant to 28 U.S.C. § 636 (b)(1) and Local Rule 72.1(c), the parties have ten days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636 (b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: September 29, 2009

_____
Hon. Gustave J. DiBianco
U.S. Magistrate Judge